LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the lower court sustaining the defendant’s exceptions of no right and no cause of action. The issues presented, and the District Court’s reasons for judgment are set out as follows:
“The allegations of the petition in this suit show that on December 29, 1953, Mrs. Patricia Ann Jones was riding as guest passenger in a 1951 Olds.-mobile automobile owned and driven by her husband, John Freeman Jones, Jr., and • while this car was traveling on Louisiana highway No. 35 from Amite, Louisiana, to Franklinton, Louisiana, and approaching the intersection of said highway with Louisiana Highway No. 34, which travels from Franklin-ton, La., to Covington, Louisiana, it collided with a GMC truck owned and operated by Burris Brothers Ltd., and driven' by its employee in the course and scope of his employment.
“The truck belonging to Burris Bros. Ltd. was insured by the present plaintiff Inland Empire Insurance Company, who paid Burris Bros. Ltd. $875.45 as a result of property damage to the truck, and appear herein on one claim as plaintiff for the recovery of the $875.45 as a result of a subrogation by the said Burris Brothers, Ltd. Mrs. Jones, who was the occupant of the Oldsmobile automobile driven by her husband, was severely injured in the accident and she instituted suit in Federal Court’in Mississippi against the presenfplaintiff Inland Empire Insurance Company, the result of which the present plaintiff paid her $10,000.00 for her bodily injuries/and she in turn gave a subrogation to the plaintiff insurance company for said amount. Thus the other claim sought to bé recovered herein- by the present plaintiff is the'$10,000.00 under the subrogation from Mrs. Jones.
“The defendant in the suit is the State Farm Mutual Automobile Insurance Company, the insurer of the Oldsmobile automobile driven by John Freeman Jones, Jr., the husband of Patricia Jones, who, as heretofore stated, gave the subrogation to the plaintiff insurance company.
“From the allegations of the petition it is shown that the plaintiff is seek *248 ing recovery under a- subrogation from Mrs. Jones, from the insurer of John Freeman Jones for the acts of negligence alleged on the part of the said Jones in injuring his wife Patricia Jones/ The suit is, of course, under our direct action statute, [LSA-]R'.S. 22:655, against the insurer, and' recovery, of course, must be had under the terms and limits of the policy so long as said terms and conditions are not in violation-of the laws of this state.
“The basis of the exception filed herein is that the policy of insurance issued by the defendant company and upon which the plaintiff predicates, its cause of action does not apply to the insured or any member of the family of the insured residing in the same household as the insured. It is, of course, argued by Counsel for.Exceptor that Mrs. Jones, being the wife pf the insured, was a member of his household and, consequently, could not recover .under the exclusion provision of the policy. Counsel for Exceptor has cited many cases holding that this is a proper exclusion provision in a policy, but I note that all of them are from states other than Louisiana. It is, however, argued by Counsel for the plaintiff that, this provision in the policy is in direct conflict with Louisiana’s financial responsibility law as set forth in [LSA-JR.S. 32:900 requiring liability insurance coverage in favor of a party injured — as a result of this, Counsel for, plaintiff further argues that this household exclusion cjau'se in this policy is against, the public policy of this state.
“As I read the policy, it is not even necessary for this court to ¡determine whether or not the household exclusion clause in the-policy is in violation of the laws of this stgte-. A reading of the policy which was filed by the defendant and admitted without 'objection in connection with this exception by the plaintiff, shows that it was issued to Patricia Jones and John Freeman Jones, Jr., or either of them. Thus, under the very terms of the policy Mrs. Jones, who gave the subrogation to the plaintiff insurance company, was an insured under the policy at the ■time -of. the accident- — of course, she could give no greater rights under the subrogation than-she possessed. Coverage ‘A’ of the policy provides as-follows:
“ ‘Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting-therefrom, sustained by any person, . caused .by accident and arising; out of the ownership, maintenance or use of the automobile.’
“Under the exclusions in the policy, it is provided' that the policy does not apply in paragraph ‘e’ under Coverage ‘A’, to any obligation for which the insured or any company as his insurer-may be held liable under any workmen’s compensation law; or to the insured or to any member of the family of the insured residing in the same household as the insured.’ (Italics, mine.)
“Thus, it is apparent that recovery for bodily injury as provided by Cov-. erage ‘A’ in the policy docs not apply to --the insured under the exclusion-clause of paragraph ‘e’ of said policy. Since the subrogor wife was an insured as shown on the face of the policy, then she could not recover under the provisions of said policy, and consequently, her subrogee, the present plaintiff, cannot recover under the terms of said policy.
“Counsel for plaintiff states in brief that it is well recognized under Louisiana Law that when an insured is riding as a passenger in his own automobile, driven by another with his authorization and permission, he has a right and' cause of action against his own insurer for personal injuries sustained by him. He cites in support *249 of this proposition the case of McDowell v. National Surety Corporation, [La.App.] 68 So.2d 189; he then further argues Mrs. Jones, the subrogor, and the plaintiff subrogee have a cause and right of action hereunder regardless of whether the plaintiff subrogor be considered an insured or a member of the insured’s household. • An examination of the McDowell case shows that there was no exclusion clause in the policy as to bodily injuries received by the insured as there is in the present case. The Court of Appeal in the McDowell case was careful to point out that under Coverage ‘A’ of that policy that any person could recover for bodily injuries caused by accident and arising out of „the ownership, maintenance or use of the automobile insured. The Court was further careful to point out that had the insurance company cared to qualify the phrase ‘any person’ it could easily have done so, and stated as follows:
* * * Certainly had the insurer desired to relieve itself of liability for personal injuries to the named insured, it could easily have done só by inserting appropriate language to that1 effect into the policy.’
“Thus, it is apparent if there had been an exclusion clause in the policy in the McDowell case, such as paragraph ‘e’ in the present policy, the Court would not have permitted the plaintiff insured to have recovered.
“For the above reasons, I am of the opinion that the exception to the petition in this case is well founded in so far as the claim under the subrogation from Mrs. Jones, the insured, is concerned. Of course, the petition sets forth both a cause and a right of action under the subrogation from Burris Brothers Ltd. for the property damage to the truck.”
The appellant urges in its brief before this court that if the lower court’s decision is allowed to stand “ * * * an insurance company, by naming all members of the true insured’s family; as insureds under the policy, could circumvent in its entirety the Louisiana law authorizing .recovery , for guest passengers who are members of the. insured’s family.” Such an argument. is untenable. We agree, as did- the. trial judge, that it is unnecessary for us to pass on. the validity, vel non, of the “household exclusion clause” for the very, .simple reason that, as stated by the -trial.judge; Mrs. Jones was every bit -as much an insured as was her husband under the terms, of the policy itself.
Subsequent to the judgment of the lower court', the subrogation claim asserted by the’ plaintiff ,' from Burris. Brothers, Ltd., for property dámage, was by plaintiff’s motion dismissed without prejudice. The only question, therefore, presented to us on this appeal is the validity of .the subroga-;, tion claim asserted by the plaintiff from Mrs. Jones, which we have passed upon.
Finding' no manifest error in the judgment appealed from, the judgment is affirmed.
Judgment affirmed.